E-FILED
Monday, 04 October, 2004 05:40:27 PM
Clerk, U.S. District Court, ILCD

United States Bankruptcy Court
__Central__ District of __Illinois__

PROOF OF CLAIM

| | |
|---|---|
| Name of Debtor: Fastop, Inc. | Case Number 03-74100 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
CHS Inc., formerly known as Cenex Harvest States Cooperatives

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Scott T. Beiswenger, Esq.
CHS Inc.
5500 Cenex Dr.
Inver Grove Heights, MN  55077

Telephone number: (651) 355-3751

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
515149 and/or 26766

Check here if this claim ☐ replaces
                         ☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☒ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other_____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Your social security number: _____
     Unpaid compensation for services performed
     from _____ to _____
           (date)              (date)

2. Date debt was incurred: June 14, 2002

3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:**  $ 31,371.56
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C §507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   * Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| January 21, 2004 | _Cherie Macdonald_ Cherie Macdonald, Attorney for CHS Inc. |

**Exhibit C**

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (9/97)

CHS 000460

## STATEMENT OF CHARGES

| | |
|---|---|
| Principal amount due as of 7/15/03 | $31,120.89 |
| Interest @ 6% from 7/16/03 to Petition Date | $    250.67 |
| Total of Claim | $31,371.56 |

CHS 000461

## Cenex® Promissory Note

$ 70,500                                                                 June 14, 2002

      FOR VALUE RECEIVED, __Fastop Convenience Stores, Inc. of Quincy, ILL__ ("Maker"), hereby promises to pay to the order of **Cenex, the energy division of CHS Cooperatives**, the principal sum of __Seventy Thousand & Five Hundred Dollars__ ($ **70,500**), together with interest on the principal amount remaining unpaid hereunder from time to time from the date hereof at the rate of six percent (6.00%) per annum. The principal and interest shall be payable as follows:

  (1) Commencing on __July 15, 2002__ (MONTH/ DAY /YEAR) Maker shall repay the principal due hereunder at the rate of **three quarters of a cent per gallon ($.0075 per gallon)** added to all purchases of refined fuels by Maker from Cenex, the energy division of CHS Cooperatives, or its successors or assigns in interest.

  (2) If Maker uses a Cenex lift number, the per gallon charge will be added as a separate line item on each refined fuels invoice.

  (3) The per gallon repayment charge is an estimate based on Maker's committed Branded Marketing Agreement, Exhibit A refined fuels volume. Maker agrees to continue purchasing refined fuel products from Cenex, the energy division of CHS Cooperatives at a monthly rate greater than or equal to its committed Branded Marketing Agreement, Exhibit A refined fuels volume.

  (4) On a calendar quarter basis, reconciliation will be performed to determine if estimated purchase amounts are greater or less than actual purchases. If aggregate per gallon repayment charges for said quarter are less than the Quarterly Payment set forth in the attached Promissory Note Payment Schedule, the shortfall will be invoiced to Maker, due upon receipt. If the quarterly repayment charges in the aggregate are more than the Quarterly Payment, a credit shall be issued to Maker.

  (5) The entire remaining balance, including accrued interest, shall be due and payable in full on or before __July 15, 2003__.

      Each payment made hereunder shall be payable in immediately available funds at Cenex, P.O. Box 64089, Dept. 531, St Paul, Minnesota 64089, or at such other place as the legal holder hereof shall from time to time designate to Maker in writing, in lawful money of the United States of America.

      From time to time after the date hereof, Maker shall have the privilege, without penalty, of prepaying all or any part of the amount due hereunder; provided, no such partial prepayment shall extend or postpone the due date, or change the amount of, any installment due hereunder until all principal and accrued interest payable hereunder shall have been paid in full.

      This Promissory Note shall be in default if any payment of principal or interest due hereunder is not made when the same becomes due and payable.

If this Promissory Note shall be in default, as provided herein, and such default is not cured within 10 days after Maker's receipt of written notice of said default, then the legal holder hereof shall have the right, exercisable at such holder's discretion, to declare the entire unpaid principal amount and all accrued interest due hereunder immediately due and payable and shall thereupon be entitled to all legal or equitable remedies for collection of the amount due.

CHS 000462

Any nonexercise or waiver by holder of any right or remedy under this Promissory Note or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any right or remedy or the same right or remedy at another time.

To the full extent permitted by law, Maker, and all guarantors and other persons who may become liable for the payment hereof, severally waive demand, presentment, protest, notice of nonpayment or default, and notice of protest.

IN WITNESS WHEREOF, Maker has executed this Promissory Note on the day and year first above written.

_____  
WITNESS

"MAKER"

By: _____  
Name: Chris Brickhaus  
Title: Pres. BA

(SEAL)

STATE OF ILLINOIS        )
                         ) ss.
COUNTY OF Adams          )

Before me, the undersigned Notary Public, on this day personally appeared Chris Brickhaus, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

IN TESTIMONY WHEREOF, I have hereunto signed my name and affixed my notarial seal this 14 Day of May, 2002.

My commission expires:

3-30-2003

_____  
Notary Public

```
OFFICIAL SEAL
LINDY REHRIG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-30-2003
```

CHS 000463