E-FILED
Monday, 04 October, 2004  05:42:05 PM
Clerk, U.S. District Court, ILCD



### SENT VIA FAX – 217-224-3707, FOLLOWED BY CERTIFIED MAIL

June 30, 2003

Mr. Chris Bickhaus, President
Fastop, Inc.
823 N. 12th
Quincy, IL 62301

RE:   Default of Installment Promissory Note

Dear Mr. Bickhaus:

I am writing this letter in follow up to my letter dated June 20, 2003 regarding the Installment Promissory Note, dated March 26, 2003, in the amount of $1,360,697.83 executed by Fastop, Inc., in favor of Cenex Harvest States Cooperatives ("CHS") (the "Note"). By executing this Note, Fastop, Inc. agreed to make thirteen weekly payments to CHS, in accordance with a Payment Schedule attached to the Note, with the final payment, in the amount of $1,243,553.13, due on June 27, 2003.

In my letter of June 20, 2003, I stated that you had notified me that Fastop, Inc. did not intend to fulfill its obligation in the Note to make the required payment on June 27, 2003 of $1,243,553.13, and pointed out that a failure by Fastop, Inc. to make the required payment of $1,243,553.13 on June 27, 2003 would be a default of the performance obligations of Fastop, Inc. under the Note. I also pointed out that, pursuant to terms of the Note, if such a default were to occur, CHS would have the right to exercise any legal remedy it may have, including initiation of legal proceedings against Fastop, Inc.

I also notified you in my letter of June 20, 2003 that, notwithstanding the foregoing, and without waiving any of CHS' rights, CHS had decided to grant an opportunity to Fastop, Inc. to extend the period of time to pay the remaining balance of the Note, provided that Fastop, Inc., and you personally, agreed to **all** the specific conditions outlined in my letter. As you are already aware, not all of these conditions were met, including the condition requiring Fastop, Inc. to make a payment of $12,855.30 on June 27, 2003, which payment would pay the accrued interest and reduce the unpaid principal balance from $1,240,697.83, and the condition requiring Fastop, Inc. to execute a new Installment Promissory Note not later than June 27, 2003, secured by a personal guarantee executed by yourself not later than June 27, 2003.

It is very clear from my letter that the new Installment Promissory Note and personal guarantee proposed by CHS must have been executed by June 27, 2003 to be effective. Since these conditions were not met by Fastop, Inc., pursuant to the terms of the proposal from CHS, the opportunity for Fastop, Inc. to accept CHS' proposal ended on June 27, 2003. To the extent that you do disagree with that analysis, and believe that Fastop, Inc. still has the opportunity to accept the proposal extended in my letter of June 20, 2003, let me be categorically clear that CHS hereby withdraws such proposal.

Since all of the conditions in that letter were not met, as I noted in my letter of June 20, 2003, Fastop, Inc. was obligated to make the final payment on the Note of $1,243,553.13 on June 27, 2003. The failure by

CHS 000268

Exhibit F

Fastop, Inc. constitutes a default of the Note by Fastop, Inc. Accordingly, CHS intends to exercise legal remedies it has under the Note to collect the amount owing by Fastop, Inc. to CHS.

As you are aware, you executed a "Guaranty of Credit" in 2002 to induce CHS to grant credit or assume a credit risk in respect of the sales of goods made by CHS to Fastop, Inc. (referred to as "Customer" in the Guaranty of Credit), or **in respect of any type of transaction by which CHS may become the Creditor of the Customer.** Although you signed this document as "Chris Bickhaus, as President of Fastop, Inc.", it was clear to both yourself and CHS that you were executing this document in your individual capacity. Accordingly, your signature as "President of Fastop, Inc." clearly is an inadvertent error.

Pursuant to terms of this Guaranty of Credit, simultaneously with sending this letter to you as President of Fastop, Inc. CHS is sending a letter to you personally in which CHS presents a demand to you personally to pay to CHS the full amount owed to CHS by Fastop, Inc. under the Note _immediately_.

Please be advised CHS has retained legal counsel for the purpose of initiating legal proceedings against both Fastop, Inc. and yourself personally, in the event that the full amount of the amount owing under the Note is not paid, by Fastop, Inc. and/or yourself personally, by July 7, 2003. In the event CHS initiates legal proceedings, CHS will be seeking recovery of all expenses of collection, including, but not limited to, attorneys' fees, in accordance with the provisions of the Note and the Guaranty of Credit.

In a final effort to avoid legal proceedings resulting from the default of the Note by Fastop, Inc., CHS is prepared to listen to and consider an alternative payment proposal from Fastop, Inc., provided that Fastop, Inc. immediately agrees that you, and the lawyer for Fastop, Inc., and the person best prepared to discuss, in detail, financial projections for Fastop, Inc., will meet face-to face with representatives of CHS at CHS' corporate headquarters at 5500 Cenex Drive, Inver Grove Heights, Minnesota, on Thursday, July 3, 2003, at 8:00 a.m. Please advise me immediately if Fastop, Inc. desires to have such a meeting.

Very truly yours,

Dan Oberstadt
Credit Manager
Cenex Harvest States Cooperatives

c:   Rick Cummings
     Dan Pomeranke
     Scott Beiswenger

CHS 000269