United States Bankruptcy Court
__Central__ District of __Illinois__

PROOF OF CLAIM

Chapter 11

| Name of Debtor Fastop, Inc. | Case Number 03-74100 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
CHS Inc., formerly known as Cenex Harvest States Cooperatives

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Scott T. Beiswenger, Esq.
CHS Inc.
5500 Cenex Dr.
Inver Grove Heights, MN 55077

Telephone number: (651) 355-3751

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
515149 and/or 26766

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☒ Money loaned
   - ☐ Personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other _____

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Your social security number: _____
     Unpaid compensation for services performed
     from _____ to _____
     (date)      (date)

2. Date debt was incurred: March 26, 2003

3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:** $ 1,270,127.69
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C §507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**Exhibit G**

| Date January 21, 2004 | Sign and print name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
/s/ Cherie Macdonald
Cherie Macdonald, Attorney for CHS Inc. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (9/97)

CHS 000469

## STATEMENT OF CHARGES

| | |
|---|---|
| Principal amount due as of 6/27/03 | $1,243,553.13 |
| Interest @ 12% from 6/30/03 to Petition Date | $   26,574.56 |
| Total of Claim | $1,270,127.69 |

CHS 000470

# INSTALLMENT PROMISSORY NOTE (the "Note")
## AMOUNT of INSTALLMENT PROMISSORY NOTE: $1,360,697.83
## EFFECTIVE DATE of INSTALLMENT PROMISSORY NOTE: March 26, 2003

FOR VALUE RECEIVED, the receipt and sufficiency of which are hereby acknowledged, Fastop, Inc. (the "Undersigned Maker") promises to pay to the order of Cenex Harvest States Cooperatives, a Minnesota cooperative corporation, at its offices located at 5500 Cenex Drive, Inver Grove Heights, Minnesota, 55077 ("CHS"), or at such other place(s) as CHS may designate, the principal sum of One Million, Three Hundred Sixty Thousand, Six Hundred Ninety Seven Dollars and Eighty Three Cents ($1,360,697.83) (the "Principal"), together with interest from March 26, 2003, accruing at the rate of twelve percent (12.00%) per year on the unpaid Principal amount, until the full amount of the Principal has been paid (the "Interest"), in accordance with all of the terms of this Note, including the payment terms set forth on the payment schedule attached hereto and incorporated herein (the "Payment Schedule").

The underlying indebtedness that is evidenced by this Note arose from the sales of certain goods (where "goods" is defined by section 336.2-105 of the statutes adopted by the legislature of the State of Minnesota) by CHS to the Undersigned Maker. The Undersigned Maker purchased such goods on trade credit in accordance with the provisions of CHS' credit policy, but failed to pay for its purchases of such goods when payment was due in accordance with credit terms of such sales. The Undersigned Maker has notified CHS of its desire to pay for its puchases of such goods over a longer period of time than allowed by the provisions of CHS' credit policy. After good faith negotiation by representatives of CHS and the Undersigned Maker, the parties have agreed to the provisions of this Note.

Notwithstanding its failure to pay for such goods when payment was due, the Undersigned Maker unequivocally affirms its obligation to pay for such goods, and unequivocally agrees that the amount it owes CHS for such goods, inclusive of applicable finance charges resulting from the Undersigned Maker's failure to pay for puchases of such goods when due, is equal to $1,360,697.83.

The Payment Schedule sets forth the amounts and the due dates of periodic payments to be paid by the Undersigned Maker to CHS, with the first such periodic payment due on or before April 4, 2003, and all subsequent payments due on or before due dates set forth in the Payment Schedule, until the full amount of the Principal is paid. It is specifically agreed to by CHS and the Undersigned Maker that:

(i) the payment amounts set forth in the Payment Schedule are minimum payments to be paid to CHS by the Undersigned Maker by wire transfer of immediately available funds to the account set forth on the Payment Schedule; and

(ii) the due dates in the Payment Schedule are the latest date by which the payment amounts set forth in the Payment Schedule are to be _received_ by CHS; and

(iii) any installments of Principal and Interest not paid when due shall bear interest thereafter at the rate of eighteen percent (18.00%) per annum until paid; and

(iv) all payments made by the Undersigned Maker to CHS shall be applied first to Interest that has accrued and is unpaid as of the date of each such payment, with the remainder to be applied against the unpaid Principal balance; and

(v) the Underigned Maker shall have the right to prepay this Note, in full or in part, at any time without penalty.

CHS 000471

In the event of any failure by the Undersigned Maker to (i) pay any part of any amount due under this Note when due, and/or (ii) perform any other term and condition of this Note, and/or (iii) pay for all purchases of any goods sold by CHS to Undersigned Maker on and/or after the date of this Note when payment was due in accordance with the payment terms of such sales, THEN IN ANY SUCH EVENT(S), the Undersigned Maker shall be in default, and CHS, at its sole option and discretion, shall have the right to declare this Note immediately due and payable for the entire unpaid balance of Principal and Interest hereof (the "Default Declaration"), notwithstanding that the payment of the indebtedness that is evidenced by this Note is secured by a personal guarantee dated March 26, 2003, and executed by Chris Bickhaus as Guarantor (the "Personal Guarantee"). In the event that CHS has made a Default Declaration, and the Undersigned Maker fails to make full payment of the unpaid balance of Principal and Interest hereof within five (5) days from the date that it has received notification from CHS of such Default Declaration, then CHS shall have the right to exercise any remedy it may have under the terms of this Note and/or applicable law, including, but not limited to, initiation of legal proceedings against the Undersigned Maker. The Undersigned Maker specifically agrees that, in the event of a default, the Undersigned Maker shall reimburse CHS for all costs and fees that CHS incurs in collecting the unpaid Principal and Interest, including, but not limited to, all attorneys' fees and costs and expenses of litigation and court costs.

The Undersigned Maker specifically acknowledges and agrees that CHS shall have the right, at its sole option and discretion, to assign this Note upon notice to the Undersigned Maker; and the Undersigned Maker hereby specifically agrees (subject to and conditional upon any provisions of applicable law to the contrary) that if there is an assignment or transfer of this Note, such assignee or transferee shall succeed to all the rights and remedies of CHS under this Note, and the Undersigned Maker hereby agrees to pay the indebtedness that is evidenced by this Note to any such assignee or transferee as it becomes due under the terms of this Note.

The Undersigned Maker hereby waives presentment, protest and demand for payment, and waives notice of protest, demand and of dishonor and non-payment of this Note.

The Undersigned Maker specifically agrees that any extension of the time for payment of all or any portion of the amount owing under this Note, or any variation, modification, and/or waiver of any term or condition hereof, shall not affect the liability of the Undersigned Maker under the terms of this Note.

The Undersigned Maker specifically agrees that the failure of CHS to exercise any right, power or option given it hereunder, or to insist on strict compliance with all the terms and conditions herein, shall not in any event constitute a waiver of any term, condition, or right herein, unless and until CHS shall have confirmed such action or inaction to be a waiver in writing. Further, the Undersigned Maker specifically agrees that such wavier shall not act as a waiver of any other term, condition, or right herein, or a waiver of the same term, condition, or right herein on any other occasion not specifically waived in writing by CHS.

The Undersigned Maker specifically agrees that this Note shall be binding upon its successors and assigns, and shall inure to the benefit of CHS, and its successors and assigns.

The Undersigned Maker hereby represents and covenants that it is authorized by its Board of Directors to execute and perform this Note, and that the individual signing this Note on behalf of the Undersigned Maker has been so authorized by the Undersigned Maker's Board of Directors.

CHS 000472

This Note, and all rights, obligations, and duties arising hereunder, and all disputes which may arise hereunder, shall be construed in accordance with, and governed by, laws of the state of Minnesota, without giving effect to the conflict of laws provisions thereof.

**IN WITNESS WHEREOF**, the Undersigned Maker has executed this Note effective on the date first above written (March 26, 2003).

Fastop, Inc. (the "Undersigned Maker")
823 N. 12th
Quincy, IL 62301

BY: _____

ITS: _____

**ACCEPTED BY CENEX HARVEST STATES COOPERATIVES**

BY: _____

ITS: _____

3

CHS 000473

FASTOP, INC.
INSTALLMENT PROMISSORY NOTE
PRINCIPAL AMOUNT OF $1,360,697.83
EFFECTIVE DATE OF March 26, 2003
ANNUAL INTEREST RATE OF 12.00%
DAILY INTEREST RATE OF .03288 (based on 365 day year)
PAYMENT SCHEDULE

| Payment Date | Payment Amount | Interest | Principal | Principal Balance |
|---|---|---|---|---|
| 4/04/03 | $ 14,026.17 ✓ | $ 4,026.17 | $ 10,000.00 | $1,350,697.83 |
| 4/11/03 | 13,108.46 ✓ | 3,108.46 | 10,000.00 | 1,340,697.83 |
| 4/18/03 | 13,085.44 ✓ | 3,085.44 | 10,000.00 | 1,330,697.83 |
| 4/25/03 | 13,062.43 ✓ | 3,062.43 | 10,000.00 | 1,320,697.83 |
| 5/02/03 | 13,039.41 ✓ | 3,039.41 | 10,000.00 | 1,310,697.83 |
| 5/09/03 | 13,016.40 ✓ | 3,016.40 | 10,000.00 | 1,300,697.83 |
| 5/16/03 | 12,993.39 ✓ | 2,993.39 | 10,000.00 | 1,290,697.83 |
| 5/23/03 | 12,970.37 ✓ | 2,970.37 | 10,000.00 | 1,280,697.83 |
| 5/30/03 | 12,947.36 ✓ | 2,947.36 | 10,000.00 | 1,270,697.83 |
| 6/06/03 | 12,924.35 ✓ | 2,924.35 | 10,000.00 | 1,260,697.83 |
| 6/13/03 | 12,901.33 ✓ | 2,901.33 | 10,000.00 | 1,250,697.83 |
| 6/20/03 | 12,878.32 ✓ | 2,878.32 | 10,000.00 | 1,240,697.83 |
| 6/27/03 | 1,243,553.13 | 2,855.30 | 1,240,697.83 | 0.00 |
|  | $1,400,506.56 | $39,808.73 | $1,360,697.83 |  |

NOTE: Each "Payment Amount" shall be made by Fastop, Inc., so that such "Payment Amount" is received by CHS not later than the "Payment Date" applicable to such "Payment Amount", by wire transfer of immediately available funds to the following account:

CHS Cooperatives – Genex Division
Wells Fargo Bank – Minneapolis, MN
ABA # 091000019
Account # 6355054507

4

CHS 000474