3:03-cv-03263-RM-CHE  #23-14  Page 1 of 2
10/29/2002 04:59  2172243767  FASTOP INC  PAGE 03
10/29/2002 15:07  2177563206
E-FILED
Wednesday, 06 October, 2004 11:00:41 AM
Clerk, U.S. District Court, ILCD

## GUARANTY OF CREDIT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce Cenex Harvest States Cooperatives ("CHS") to grant credit or assume a credit risk in respect to the sales of goods made by CHS to Fastop, Inc. located in Quincy, IL ("Customer"), or in respect of any type of transaction by which CHS may become the Creditor of the Customer, the undersigned shall pay to CHS forthwith, when due, or upon demand thereafter, with interest, and without deduction for any claim of set-off, or counterclaim of the Customer, or loss of contribution from any co-guarantor, the full amount of all obligations or indebtedness due CHS from the Customer, whether originating in transactions between CHS and the Customer, or assigned or transferred to CHS, together with all expenses of collection and reasonable counsel fees incurred by CHS by reason by the default of the Customer.

The undersigned further acknowledges and agrees with CHS that:

1. No act or thing need occur to establish the liability of the undersigned hereunder, and no act or thing, except full payment and discharge of all indebtedness, shall in any way exonerate the undersigned, or modify, reduce, limit or release the liability of the undersigned hereunder.

2. This is a continuing guaranty and shall be revocable only as to transactions entered into by CHS, subsequent to the receipt by the Credit Manager of CHS Cooperatives, of a notice of termination. Such notice shall be properly addressed to CHS Cooperatives, PO Box 64089, MS 180, St Paul, Minnesota 55164. Such notice shall be sent Certified or Registered mail via U.S. Postal Service.

3. The undersigned waives notice of acceptance hereof, and notice of orders, sales and deliveries to the Customer, and of the amounts and terms thereof, and of all defaults or disputes with the Customer, and of the settlement or adjustment of such defaults or disputes. The undersigned, without affecting its liability hereunder, in any respect, consent to and waives notice of all changes of terms, the withdrawal or extension of credit or time to pay, the release of the whole or any part of the indebtedness, the settlement or compromise of differences, the acceptance or release of security, the acceptance of notes, trade acceptances, or any other form of obligation for the Customer's indebtedness, and the demand, protest and notice of protest of such instruments, or their endorsements. The undersigned also consents to and waives notice of any arrangements or settlements made in or out of court in the event of receivership, liquidation, readjustment, bankruptcy, reorganization, arrangement, or assignment for the benefit of Creditors of the Customer, and anything whatsoever, whether or not herein specified, which may be done or waived by or between CHS and the Customer, or the Customer and any other person whose claims against the Customer have been or shall be assigned and transferred to CHS.

4. The obligation of the undersigned is a primary and unconditional obligation, and covers all existing and future indebtedness of the Customer to CHS. This obligation shall be enforceable before or after proceeding against the Customer, or against any security held by CHS, and shall be effective regardless of the solvency or insolvency of the Customer at anytime the extension or modification of the indebtedness of the Customer by operation of law, or the subsequent incorporation, reorganization, merger or consolidation of the Customer, or any other change in the composition, nature, personnel, or location of the Customer.

5. All liabilities of the Customer, and of the undersigned, shall mature immediately upon the insolvency of the Customer, the commission of an act of bankruptcy by the Customer, the

CHS 000219

Exhibit L

appointment of a receiver for the Customer, or any of its property, the filing of a voluntary or involuntary petition in bankruptcy, reorganization, or arrangement, the making of an assignment for the benefit of Creditors, or the calling of a meeting of Creditors by the Customer.

6.  Nothing herein contained shall be construed as an obligation on the part of CHS to sell goods, or extend credit to the Customer, nor as an obligation to continue to sell goods or extend credit. CHS's records showing the account between CHS and the Customer, shall be admissible as evidence in any action or proceeding involving this guaranty, and such records shall be prima facie proof of the items therein set forth.

7.  This guaranty shall be effective upon delivery to CHS without further act, condition, or acceptance by CHS, shall be binding upon the undersigned and the successors and assigns of the undersigned, and shall inure to the benefit of CHS, and its participants, successors and assigns. Any invalidity, or unenforceability of any provision or application of this guaranty, shall not affect other lawful provisions and application to this end of the provisions of this guaranty is to be severable. This guaranty may not be waived, modified, amended, terminated, released, or otherwise changed, except by a written notice signed by the undersigned and CHS.

8.  This Agreement, and all rights, obligations, and duties arising hereunder, and all disputes which may arise hereunder, shall be construed in accordance with, and governed by, laws of the state of Minnesota, without giving effect to the conflict of laws provisions thereof.

WITNESS WHEREOF, this guaranty has been duly executed this _____ day of _____, 2002.

By: Chris B. Bickhaus

_____
(Signature of Guarantor)

_____
(Printed Name)

_____
(Address)

_____
(City / ST Zip Code)

_____
(Social Security Number)

Witness By:

_____
(Signature of Witness)

_____
(Printed Name of Witness)

CHS 000218