IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BICKHAUS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 03-3263<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND DECLARATION OF RICK CUMMINGS

The Defendant, **CHRISTOPHER BICKHAUS**, by his attorneys, **SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL,** submits this memorandum of law in support of his motion to strike the Plaintiff's statement of undisputed material facts and the declaration of Rick Cummings filed by Plaintiff in support of its motion for summary judgment.

## INTRODUCTION

On October 6, 2004, the Plaintiff filed a motion for summary judgment asking this court to construe the guaranty signed by Christopher Bickhaus, as President of Fastop, Inc., as the personal guaranty of Christopher Bickhaus, the individual.

At issue in this case is whether Christopher Bickhaus ("Bickhaus"), the former President of Fastop, Inc. ("Fastop"), is personally liable to the Plaintiff for a debt incurred by Fastop, based on his signature on a guaranty provided to the Plaintiff. Bickhaus signed the guaranty as "President of Fastop." However, according to the Plaintiff, Bickhaus is individually liable on that guaranty.

As part of its motion for summary judgment, the Plaintiff submitted a statement of supposed undisputed material facts. In support of its motion for summary judgment and statement of undisputed material facts, the Plaintiff submitted only the declaration of Rick Cummings, the Plaintiff's Director of Marketing and Retail Development. Both the statement of undisputed material facts and the declaration of Rick Cummings assume that Bickhaus is individually liable for Fastop's debt; both repeatedly state that Bickhaus individually guaranteed that debt; and both consist primarily of legal conclusions and opinions, not factual statements as required by the Federal Rules of Civil Procedure and the Local Rules of this court.

### Plaintiff's Statement of Undisputed Material Facts

In its statement of undisputed material facts, the Plaintiff makes the following assertions:

> "12. On or about October 30, 2002, for good and valuable consideration, Bickhaus executed and delivered to CHS the Guaranty for the Benefit CHS [sic] to induce CHS to grant credit or assume a credit risk in respect to the sales of goods made by CHS to Fastop, or in respect of any type of transaction by which CHS may become the creditor of Fastop.
>
> 13. In the Guaranty, Bickhaus agreed to pay to CHS . . . the full amount of all obligations or indebtedness due CHS from Fastop, together with all expenses of collection and reasonable counsel fees incurred by CHS by reason of a default of Fastop.
>
> 14. In the Guaranty, Bickhaus agreed that no act or thing need occur to establish the liability of Bickhaus, and no act or thing, except full payment and discharge of all indebtedness, shall in any way exonerate Bickhaus, or modify, reduce, limit or release the liability of Bickhaus.
>
> 15. In the Guaranty, Bickhaus agreed that the Guaranty is a continuing guaranty . . . .

>    16.    In the Guaranty, Bickhaus agreed that his obligation under the Guaranty is a primary and unconditional obligation, and covers all existing and future indebtedness of Fastop to CHS.
>
>    17.    In the Guaranty, Bickhaus agreed that his obligations under the Guaranty shall be enforceable before or after CHS proceeding against Fastop . . . .
>
> \* \* \*
>
>    19.    Bickhaus, as guarantor of the payment of the unpaid amount of $31,120.89 under the June 14, 2002 Note, has failed and refused to pay the amount of $31,120.89 due and owing pursuant to the terms of the Guaranty.
>
>    20.    Bickhaus, as guarantor of the payment of the unpaid amount of $1,243,553.13 under the March 26, 2003 Note, has failed and refused to pay the amount of $1,243,553.13 due and owing pursuant to the terms of the Guaranty.
>
>    21.    Bickhaus, as guarantor of the payment of the overpaid amount of $152,987.82 in First Year Incentive Money, has failed to pay the overpaid amount of $152,987.82 due and owing pursuant to the terms of the Guaranty.
>
>    22.    CHS has incurred, and will continue to incur, attorneys' fees and other legal expenses, in connection with its efforts to enforce the Guaranty and collect the guaranteed amounts from Bickhaus."

See Plaintiff's statement of undisputed material facts, para. 12-17 and 19-22. These claimed statements of undisputed material fact mirror the statements made by Rick Cummings in his declaration.

### The Declaration of Rick Cummings

In his declaration, Rick Cummings states as follows:

>    "15.    On or about October 30, 2002, for good and valuable consideration, Bickhaus executed and delivered to CHS a Guaranty of Credit.

\* \* \*

> 17.   Bickhaus, as guarantor of the payment of the unpaid amount of $31,120.89 under the June 14, 2002 Note, has failed and refused to pay the amount of $31,120.89 due and owing pursuant to the terms of the Guaranty.
>
> 18.   Bickhaus, as guarantor of the payment of the unpaid amount of $1,243,553.13 under the March 26, 2003 Note, has failed and refused to pay the amount of $1,243,553.13 due and owing pursuant to the terms of the Guaranty.
>
> 19.   Bickhaus, as guarantor of the payment of the overpaid amount of $152,987.82 in First Year Incentive Money, has failed to pay the overpaid amount of $152,987.82 due and owing pursuant to the terms of the Guaranty.
>
> 20.   CHS has incurred, and will continue to incur, attorneys' fees and other legal expenses, in connection with its efforts to enforce the Guaranty and collect the guaranteed amounts from Bickhaus."

See Declaration of Rick Cummings, attached as Exhibit 1 to the Plaintiff's motion for summary judgment, para. 15 and 17-20.

Both the statements made in the Plaintiff's statement of undisputed material facts and in Rick Cummings' declaration mirror the allegations made the in Plaintiff's complaint.

## ARGUMENT

### The Plaintiff's Statement of Undisputed Material Facts and the Declaration of Rick Cummings are Improper and Should be Stricken

Pursuant to C.D. Local Rule 7.1(D)(1)(b), the Plaintiff is required to "[l]ist and number each undisputed material *fact* which is the basis for the motion for summary judgment," and attach "documents, affidavits or excerpts of transcripts claimed to establish each *fact*." C.D. Local Rule 7.1(D)(1)(b) (emphasis added). Fed. R. Civ. P. 56(e) requires that affidavits be "made on personal knowledge," and "set forth such *facts* as would be admissible in evidence." Fed. R. Civ. P. 56(e)

4

(emphasis added). According to Fed. R. Evid. 602, a witness is not allowed to testify unless evidence is introduced to demonstrate that the witness has personal knowledge about the subject matter of his testimony.

The assertions in the Plaintiff's statement of undisputed material facts and in the affidavit of Rick Cummings do not comply with any of these rules. The statements made are not *facts*, but are legal conclusions and opinion. The statements do not provide any underlying facts surrounding Bickhaus's signature to the guaranty; nor do they provide any information concerning the intent of the parties regarding the guaranty. The statements are no more than bald assertions that Bickhaus is liable to the Plaintiff ---- legal conclusions and opinions on the ultimate issue in this case, not actual statements of fact as required by the applicable rules. As such, these statements should be stricken and disregarded. See Pfeil v. Rogers, 757 F.2d 850, 862 (7th Cir. 1985); Davis v. City of Chicago, 841 F.2d 186, 189 (7th Cir. 1988).

Fed. R. Civ. P. 56 "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Davis v. City of Chicago, 841 F.2d 186, 189 (7th Cir. 1988). Similarly, under Fed. R. Evid. 602, testimony that is a mere "conclusory assertion, unsubstantiated with any specific facts, fails to indicate any factual basis which would tend to show that [the witness] had personal knowledge of the matter." Davis, 841 F.2d at 189. Such statements have no place in an affidavit or statement of undisputed material facts. See Pfeil, 757 F.2d at 862; Davis, 841 F.2d at 189; Borrelli v. Unumprovident Corp., 2002 WL 31319476 at *4, n. 6 (N.D. Ill. 2002); Servin v. Gatx Logistics, Inc., 187 F.R.D. 561, 562 (N.D. Ill. 1999).

Wherefore, the Defendant, Christopher Bickhaus, for the reasons stated in the Defendant's motion to strike and this supporting memorandum of law, this court should strike the Plaintiff's statement of undisputed material facts and the declaration of Rick Cummings, or in the alternative, should strike those portions of the statement of undisputed material facts and declaration which fail to comply with the Federal Rules of Civil Procedure and Local Rules of this Court.

s/_____ David G. Penn _____
David G. Penn Bar No. 00787089
Attorney for Defendant
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street
P. O. Box 1069, Quincy, IL 62305
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail Address: dpenn@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Dawn Ann Morville Johnson, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Michelle Drake.

s/_____ David G. Penn _____
David G. Penn Bar No. 00787089
Attorney for Defendant
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069, Quincy, IL 62305
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail Address: dpenn@srnm.com