E-FILED
Friday, 03 December, 2004  05:09:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No.: 03-3263 ) |
| CHRISTOPHER BICKHAUS, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS
AND DECLARATION OF RICK CUMMINGS**

Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), by its undersigned attorneys, responds in opposition to Defendant's Motion to Strike Plaintiff's Statement of Undisputed Material Facts and Declaration of Rick Cummings, as follows:

Defendant complains that CHS's Statement of Undisputed Material Facts Nos. 12-17, 19-22 and paragraphs 15, 17-20 of the Declaration of Rick Cummings (hereinafter collectively referred to as the "Contested Statements") should be stricken because they "consist primarily of legal conclusions and opinions, not factual statements as required by the Federal Rules of Civil Procedure and the Local Rules of this court." See Defendant's Motion, p. 2. However, Defendant is requesting that this court first strike CHS's entire Statement of Undisputed Material Facts and the entire Declaration of Rick Cummings. There is no support for Defendant's request, and it should be summarily denied. Defendant alternatively requests this court to strike the Contested Statements, and CHS responds to this request as follows:

758314

CHS agrees that the Contested Statements, as worded, contain legal conclusions. In fact, the purpose of CHS's Motion for Summary Judgment is to request that this Court make a legal determination as to the liability imposed by virtue of the Guaranty of Credit. CHS, by and through its Motion for Leave to Amend Plaintiff's Statement of Undisputed Material Facts and Declaration of Rick Cummings, filed contemporaneously herewith, has requested leave to amend its original Statement of Undisputed Material Facts and file an Amended Declaration of Rick Cummings. The Amended Statement of Undisputed Material Facts are as follows:

12.     On or about October 30, 2002, for good and valuable consideration, Christopher Bickhaus, either in his individual capacity or as a representative of Fastop, executed and delivered to CHS a Guaranty of Credit (the "Guaranty") for the benefit of CHS to induce CHS to grant credit or assume a credit risk in respect to the sales of goods made by CHS to Fastop, or in respect of any type of transaction by which CHS may become the creditor of Fastop. Typed above the signature line is the name "Chris E. Bickhaus," with no reference to Fastop. However, the signature on the Guaranty is as follows: "Chris Bickhaus, as President, Fastop Inc." See Amended Declaration of Rick Cummings ("Amd. Cummings Decl."), attached hereto as **Exhibit 1**, and incorporated by reference, ¶ 15 and Exh. L, Guaranty of Credit.

13.     In the Guaranty, the undersigned agreed to pay to CHS, when due, or upon demand thereafter, with interest, and, without deduction for any claim of set-off, or counterclaim of the Customer (defined in the Guaranty as Fastop), or loss of contribution from any co-guarantor, the full amount of all obligations or indebtedness due CHS from the Customer, together with all expenses of collection and reasonable counsel fees incurred by CHS by reason of a default of the Customer. See Amd. Cummings Decl., Exh. L, Guaranty of Credit, 1st Paragraph.

14.  In the Guaranty, the undersigned agreed that no act or thing need occur to establish the liability of the undersigned, and no act or thing, except full payment and discharge of all indebtedness, shall in any way exonerate the undersigned, or modify, reduce, limit or release the liability of the undersigned.  See Amd. Cummings Decl., Exh. L, Guaranty of Credit, ¶ 1

15.  In the Guaranty, the undersigned agreed that the Guaranty is a continuing guaranty, which shall be revocable only as to transactions entered into by CHS, subsequent to the receipt by the Credit Manager of CHS, of a notice of termination, which shall be sent Certified or Registered mail via U.S. Postal Service.  See Amd. Cummings Decl., Exh. L, Guaranty of Credit, ¶ 2.

16.  In the Guaranty, the undersigned agreed that the obligation of the undersigned is a primary and unconditional obligation, and covers all existing and future indebtedness of the Customer to CHS.  See Amd. Cummings Decl., Exh. L, Guaranty of Credit, ¶ 4.

17.  In the Guaranty, the undersigned agreed that the obligation under the Guaranty shall be enforceable before or after CHS proceeding against the Customer, or against any security held by CHS and shall be effective regardless of the solvency or the insolvency of the Customer.  See Amd. Cummings Decl., Exh. L, Guaranty of Credit, ¶ 4.

18.  CHS has not received any written notice of termination of the Guaranty from any person, including but not limited to, Christopher Bickhaus, either in his individual capacity or as a representative of Fastop.  See Amd. Cummings Decl., ¶ 16.

19.  The undersigned, as the guarantor of the payment of the unpaid amount of $31,120.89 under the June 14, 2002 Note, has failed and refused to pay the amount of

$31,120.89 due and owing pursuant to the terms of the Guaranty.  See Amd. Cummings Decl., ¶ 17.

20.     The undersigned, as the guarantor of the payment of the unpaid amount of $1,243,553.13 under the March 26, 2003 Note, has failed and refused to pay the amount of $1,243,553.13 due and owing pursuant to the terms of the Guaranty.  See Amd. Cummings Decl., ¶ 18.

21.     The undersigned, as the guarantor of the payment of the overpaid amount of $152,987.82 in First Year Incentive Money, has failed to pay the overpaid amount of $152,987.82 due and owing pursuant to the terms of the Guaranty.  See Amd. Cummings Decl., ¶ 19.

22.     CHS has incurred, and will continue to incur, attorneys' fees and other legal expenses, in connection with its efforts to collect the amounts guaranteed by the undersigned in the Guaranty from Christopher Bickhaus.  See Amd. Cummings Decl., ¶ 20.

CHS is also requesting leave to file an Amended Declaration of Rick Cummings, which contains the same amendments as those listed above, in paragraphs 15-20 of the Amended Declaration.  The aforementioned amendments contain language derived directly from the Guaranty of Credit, attached as Exh. L to the original Declaration of Rick Cummings on October 8, 2004.  There can be no good faith dispute that the Guaranty imposes liability on either Fastop or Bickhaus.  CHS, through its Motion for Summary Judgment, is requesting that this court make the legal determination that, as a matter of law, Bickhaus is the undersigned and is liable under the terms of the Guaranty.

WHEREFORE, Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives respectfully requests this court deny Defendant's Motion to Strike Plaintiff's

Statement of Undisputed Material Facts and Declaration of Rick Cummings in their entirety, and further requests this court to consider the Amended Statement of Undisputed Material Facts and Amended Declaration of Rick Cummings when considering CHS's Motion for Summary Judgment.

                                           Respectfully submitted,

                                           GREENSFELDER, HEMKER & GALE, P.C.

                                           By    /s/ Dawn M. Johnson        
                                                 Dawn M. Johnson  (Ill. Bar #06126582)
                                                         Lead Counsel
                                               10 South Broadway, Suite 2000
                                             St. Louis, Missouri  63102
                                             (314) 241-9090
                                             (314) 241-4245 (fax)
                                             email: dmj@greensfelder.com

                                             Attorneys for Plaintiff CHS Inc., formerly known as
                                             Cenex Harvest States Cooperatives

## CERTIFICATE OF SERVICE

      I hereby certify that on the _____ day of December, 2004, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**David G. Penn, Esq.**
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant
525 Jersey Street
P.O. Box 1069
Quincy, Illinois  62306-1069

                                                    ____/s/ Dawn M. Johnson_____