**E-FILED**
Friday, 03 December, 2004  05:24:04 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

CHS INC., formerly known as             )
CENEX HARVEST STATES                    )
COOPERATIVES,                           )
                                        )
      Plaintiff,                    )
                                        )
    vs.                               ) Cause No.:  03-3263
                                        )
CHRISTOPHER BICKHAUS,                   )
                                        )
      Defendant.                    )

## AMENDED DECLARATION OF RICK CUMMINGS

    I, Rick Cummings, being of lawful age and first sworn upon my oath, do hereby declare and state as follows:

    1.    I am a resident of the State of Minnesota, am over the age of majority, and am competent in every respect to make this Declaration.

    2.    I am the Director, Marketing & Retail Development, Refined Fuels for CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), with its principal office in Inver Grove Heights, Minnesota.

    3.    The facts in this Declaration are based on my personal knowledge.

    4.    I submit this Amended Declaration in support of CHS' Motion for Summary Judgment.

    5.    On or about May 21, 2002, CHS and Fastop entered into a sales and purchase relationship.  Pursuant to this relationship, CHS agreed to sell to Fastop, and Fastop agreed to purchase from CHS, energy products, including, but not limited, to gasoline and diesel fuel. Fastop agreed to resell these energy products at certain of Fastop's convenience stores in Illinois



and Missouri identified by the CENEX brand (the "Cenex-Identified Sites"). A copy of the Branded Refined Fuels and Lubricants Master Marketing Agreement is attached hereto as **Exhibit A** and incorporated herewith.

6.      On or about June 14, 2002, Fastop executed a Promissory Note (the "June 14, 2002 Note"), for value received. A copy of the June 14, 2002 Note is attached hereto as **Exhibit B**, and incorporated herewith.

7.      After all just credits were given pursuant to the terms of the June 14, 2002 Note, the entire remaining balance due on July 15, 2003 was $31,120.89. Notwithstanding the terms of the June 14, 2002 Note, Fastop failed to pay any part of the remaining balance of $31,120.89 due on July 15, 2003, pursuant to the June 14, 2002 Note and is, therefore, in default as of July 15, 2003.

8.      On or about January 21, 2004, CHS filed a Chapter 11 Proof of Claim with the United States Bankruptcy Court for the Central District of Illinois in Fastop's Chapter 11 bankruptcy, Case No. 03-74100 (the "Bankruptcy Case"), stating the principal amount owed under the June 14, 2002 Note is $31,120.89. A copy of CHS' Bankruptcy Proof of Claim is attached hereto as **Exhibit C**, and incorporated herewith.

9.      On or about March 26, 2003, Fastop executed an Installment Promissory Note (the "March 26, 2003 Note"), for value received. A copy of the March 26, 2003 Note is attached hereto as **Exhibit D**, and incorporated herewith.

10.     After all just credits were given pursuant to the terms of the March 26, 2003 Note, the entire remaining balance due on June 27, 2003 was $1,243,553.13. Notwithstanding the terms of the March 26, 2003 Note and demands made by CHS that Fastop pay the full amount of the final payment of $1,243,553.13 on June 27, 2003, the date such final payment was due,

Fastop failed to make any part of the final payment of $1,243,553.13 due on June 27, 2003, pursuant to the March 26, 2003 Note, and is in default as of June 27, 2003. A copy of the June 20, 2003 letter from CHS is attached hereto as **Exhibit E**, and incorporated herewith; a copy of the June 30, 2003 demand letter from CHS to Fastop is attached hereto as **Exhibit F**, and incorporated herewith.

11.     On or about January 21, 2004, CHS filed a Chapter 11 Proof of Claim with the United States Bankruptcy Court for the Central District of Illinois in Fastop's Bankruptcy Case stating the principal amount owed under the March 26, 2003 Note is $1,243,553.13. A copy of CHS' Bankruptcy Proof of Claim is attached hereto as **Exhibit G**, and incorporated herewith.

12.     On or about June 14, 2002, pursuant to the terms of a Participation Agreement executed by Fastop, CHS advanced $275,000.00 to Fastop in First Year Incentive Money, which was an estimate of incentive money CHS would owe to Fastop, calculated as an amount equal to $0.025 per gallon multiplied by Fastop's estimate of the gallons of refined fuel products Fastop would purchase from CHS in the First Year (11,000,000 gallons). A copy of the Participation Agreement is attached hereto as **Exhibit H**, and incorporated herewith; a copy of the June 14, 2002 Letter enclosing payment of First Year Incentive Money and monies advanced pursuant to the June 14, 2002 Note, is attached hereto as **Exhibit I**, and incorporated herewith; a copy of the check for the amount referenced in Exh. I paid to Fastop is attached hereto as **Exhibit J**, and incorporated herewith.

13.     Fastop failed to perform its obligations to purchase 11,000,000 gallons of refined fuel products from CHS during the First Year by actually purchasing only 4,880,487 gallons of refined fuel products from CHS in the First Year. As a result, Fastop was only entitled to receive

incentive money from CHS for the First Year in the amount of $122,012.18 (4,880,487 gallons x $0.025 per gallon), and, as such, received an overpayment of $152,987.82.

14. On or about January 21, 2004, CHS filed a Chapter 11 Proof of Claim with the United States Bankruptcy Court for the Central District of Illinois in Fastop's Bankruptcy Case stating the amount owed for the First Year Incentive Money is $152,987.82. A copy of CHS' Bankruptcy Proof of Claim is attached hereto as **Exhibit K,** and incorporated herewith.

15. On or about October 30, 2002, for good and valuable consideration, Christopher Bickhaus, either in his individual capacity or as a representative of Fastop, executed and delivered to CHS a Guaranty of Credit (the "Guaranty") for the benefit CHS to induce CHS to grant credit or assume a credit risk in respect to the sales of goods made by CHS to Fastop, or in respect of any type of transaction by which CHS may become the creditor of Fastop. Typed above the signature line is the name "Chris E. Bickhaus," with no reference to Fastop. However, the signature on the Guaranty is as follows: "Chris Bickhaus, as President, Fastop Inc." A copy of the Guaranty is attached hereto as **Exhibit L,** and incorporated herewith.

16. CHS has not received any written notice of termination of the Guaranty from any person, including but not limited to, Christopher Bickhaus, either in his individual capacity or as a representative of Fastop.

17. The undersigned, as the guarantor of the payment of the unpaid amount of $31,120.89 under the June 14, 2002 Note, has failed and refused to pay the amount of $31,120.89 due and owing pursuant to the terms of the Guaranty.

18. The undersigned, as the guarantor of the payment of the unpaid amount of $1,243,553.13 under the March 26, 2003 Note, has failed and refused to pay the amount of

$1,243,553.13 due and owing pursuant to the terms of the Guaranty. A copy of the June 30, 2003 demand letter from CHS to Bickhaus is attached hereto as **Exhibit M,** and incorporated herewith.

19.    The undersigned, as the guarantor of the payment of the overpaid amount of $152,987.82 in First Year Incentive Money, has failed to pay the overpaid amount of $152,987.82 due and owing pursuant to the terms of the Guaranty.

20.    CHS has incurred, and will continue to incur, attorneys' fees and other legal expenses, in connection with its efforts to collect the amounts guaranteed by the undersigned in the Guaranty from Christopher Bickhaus.

I declare under penalty of perjury under the laws of the United States and the State of Minnesota that the foregoing statements are true and correct to the best of my knowledge.

RICK CUMMINGS

Dated this 3cd day of December, 2004.