E-FILED
Friday, 03 December, 2004 05:26:28 PM
Clerk, U.S. District Court, ILCD



**SENT VIA FAX ONLY – 217-224-3707**

June 20, 2003

Mr. Chris Bickhaus, President
Fastop, Inc.
823 N. 12th
Quincy, IL 62301

RE:  Installment Promissory Note

Dear Chris:

I am writing this letter in follow up to our telephone conversation earlier today regarding the Installment Promissory Note, dated March 26, 2003, in the amount of $1,360,697.83 executed by Fastop, Inc., in the favor of Cenex Harvest States Cooperatives ("CHS") (the "Note").

As you are aware, by executing this Note, Fastop, Inc. agreed to make thirteen weekly payments to CHS, in accordance with a Payment Schedule attached to the Note. The first twelve payments, beginning with the payment due on April 4, 2003, and ending with the payment due on June 20, 2003, equaled an amount necessary to pay accrued interest and reduce the principal balance by $10,000 each week, while the final payment, due on June 27, 2003, equaled the amount necessary to pay accrued interest and the remaining principal balance.

Through June 13, 2003, Fastop, Inc. has made eleven payments to CHS in accordance with the Payment Schedule, leaving an unpaid principal balance that day of $1,250,697.83. Fastop, Inc. has two payment obligations remaining, the required payment of $12,878.32 on June 20, 2003, and the required payment of $1,243,553.13 on June 27, 2003.

I am very disappointed to learn from you in our telephone conversation that Fastop, Inc. does not intend to fulfill its obligation in the Note to make a required payment on June 27, 2003 of $1,243,553.13. CHS' decision to accept the Note from Fastop, Inc. to resolve the breach by Fastop, Inc. of its obligations to pay for refined fuel products purchased from CHS when such payments were due was an act of good faith by CHS to assist Fastop, Inc. However, CHS fully expected that Fastop, Inc. would certainly comply with all of its payment obligations in the Note, including its obligation to make the "balloon payment" on June 27, 2003 to pay the remaining balance of the Note.

Any failure by Fastop, Inc. to make either of the remaining payments on June 20, 2003, or June 27, 2003, would be a default of the performance obligations of Fastop, Inc. under the Note. Pursuant to the terms of the Note, if such a default were to occur, CHS would have the right to exercise any legal remedy it may have, including initiation of legal proceedings against Fastop, Inc.

CHS 000266

Exhibit E

Notwithstanding the foregoing, and without waiving any of CHS' rights, CHS has decided it is willing to grant an opportunity to Fastop, Inc. to extend the period of time to pay the remaining balance of the Note, with Fastop, Inc. executing a new Installment Promissory Note not later than June 27, 2003, secured by a personal guarantee executed by yourself not later than June 27, 2003, provided that Fastop, Inc., and you personally, agree to **all** the specific conditions outlined below. In the event either Fastop, Inc. or yourself decide not to accept any of these conditions, then CHS expects that Fastop, Inc. will make all payments required by the Note, in accordance with the provisions of the Note.

(1) Fastop, Inc. will make the required payment of $12,878.32 on June 20, 2003, resulting in an unpaid principal balance of $1,240,697.83.

(2) Fastop, Inc. will make a payment of $12,855.30 on June 27, 2003, resulting in an unpaid principal balance of $1,230,697.83.

(3) Fastop, Inc. will execute a new Installment Promissory Note in favor of CHS, with all of the provisions to be the same as the existing Note, other than the amount of the note, the effective date of the note, the term of the note, and the payment schedule. As to the new Installment Promissory Note, the amount of the note will be $1,230,697.83, the effective date of the note will be June 27, 2003, the term of the note will be nine weeks, and the payment schedule will set forth eight weekly payments equal to an amount necessary to pay accrued interest and reduce the principal balance by $20,000 each week, with the first payment due on Thursday, July 3, 2003 (since Friday, July 4, 2003 is a bank holiday) and the eighth payment due on Friday, August 22, 2003, with a final payment due on August 29, 2003 equal to the amount that is necessary to pay accrued interest and the remaining principal balance.

(4) Chris Bickhaus, in his individual capacity, will execute a Personal Guarantee in favor of CHS, with provisions to be identical to the document previously provided to you, other than the amount of the note, and the date of the note, being secured.

Please advise me immediately if Fastop, Inc. and yourself are agreeable to the conditions set forth above. Upon receiving an affirmative response, CHS will prepare appropriate documents to be executed by both Fastop, Inc. and yourself not later than June 27, 2003. In the event that you desire that your lawyer talk to CHS' lawyer regarding this matter, you can direct your lawyer to call Scott Beiswenger at 651-306-3751.

Very truly yours,

Dan Oberstadt
Credit Manager
Cenex Harvest States Cooperatives

c:  Rick Cummings
    Dan Pomeranke
    Scott Beiswenger

CHS 000267