IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No.: 03-3263 ) |
| CHRISTOPHER BICKHAUS, | ) ) ) |
| Defendant. | ) |

### DECLARATION OF DOUG FISCHBACH

I, Doug Fischbach, being of lawful age and first sworn upon my oath, do hereby declare and state as follows:

1. I am a resident of the State of Minnesota, am over the age of majority, and am competent in every respect to make this Declaration.

2. I am the Credit Manager for CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), with its principal office in Inver Grove Heights, Minnesota.

3. The facts in this Declaration are based on my personal knowledge.

4. I submit this Declaration in support of CHS' Motion for Summary Judgment.

5. I approved a credit line for Fastop in early June 2002, without the security of a guaranty from any party, including but not limited to, Christopher Bickhaus.

6. On or about October 10, 2002, Fastop began having problems with electronic funds transfer ("EFT") drafts being returned as a result of "non-sufficient funds." I corresponded with Stuart Wilson and Dan Pomranke regarding my concerns with Fastop's EFT drafts not clearing the bank.


Exhibit 2

7. On or about October 29, 2002, I spoke to Mr. Bickhaus about the payment problems with Fastop. During this conversation, I clearly stated to Mr. Bickhaus that CHS now required a personal guaranty from Bickhaus to support CHS's sales to Fastop. Mr. Bickhaus never objected to signing a personal guaranty during this conversation.

8. Following this conversation with Mr. Bickhaus, I emailed a personal guaranty to Stuart Wilson (identified as the "Guaranty" in CHS's Motion for Summary Judgment). The personal guaranty had "Chris E. Bickhaus" typed above the signature line.

9. On or about October 30, 2002, Chris Bickhaus faxed the executed personal guaranty to me. See Guaranty of Credit, Exh. L to the Declaration of Rick Cummings.

10. Christopher Bickhaus never told me, prior to signing the Guaranty, that he was not signing the Guaranty in his personal capacity. Prior to the execution of the Guaranty, I was never aware of Christopher Bickhaus' intention to sign the Guaranty as a representative of Fastop.

I declare under penalty of perjury under the laws of the United States and the State of Minnesota that the foregoing statements are true and correct to the best of my knowledge.

_____
DOUG FISCHBACH

Dated this 3rd day of December, 2004.