**E-FILED**
Friday, 03 December, 2004  05:29:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CHS INC., formerly known as )
CENEX HARVEST STATES )
COOPERATIVES, )
       )
        Plaintiff, )
       )
vs.        ) Cause No.: 03-3263
       )
CHRISTOPHER BICKHAUS, )
       )
        Defendant. )

### DECLARATION OF DAN POMRANKE

I, Dan Pomranke, being of lawful age and first sworn upon my oath, do hereby declare and state as follows:

1.     I am a resident of the State of Iowa, am over the age of majority, and am competent in every respect to make this Declaration.

2.     I am the East Region Sales Manager for CHS Inc , formerly known as Cenex Harvest States Cooperatives ("CHS"), with its principal office in Inver Grove Heights, Minnesota.

3.     The facts in this Declaration are based on my personal knowledge.

4.     I submit this Declaration in support of CHS' Motion for Summary Judgment.

5.     On or about May 21, 2002, CHS and Fastop entered into a sales and purchase relationship. Pursuant to this relationship, CHS agreed to sell to Fastop, and Fastop agreed to purchase from CHS, energy products, including, but not limited, to gasoline and diesel fuel. Fastop agreed to resell these energy products at certain of Fastop's convenience stores in Illinois and Missouri identified by the CENEX brand (the "Cenex-Identified Sites"). A copy of the



EXHIBIT
4

Branded Refined Fuels and Lubricants Master Marketing Agreement is attached as Exhibit A to the Declaration of Rick Cummings, filed on October 6, 2004.

6.      On or about October 10, 2002, Fastop began having problems with electronic funds transfer ("EFT") drafts being returned as a result of "non-sufficient funds." Doug Fischbach sent Stuart Wilson and me correspondence regarding his concerns with Fastop's EFT drafts not clearing the bank.

7.      Christopher Bickhaus never told me, prior to signing the Guaranty, that he did not sign the Guaranty in his personal capacity. Prior to the execution of the Guaranty, I was never aware of Christopher Bickhaus' intention to sign the Guaranty as a representative of Fastop.

I declare under penalty of perjury under the laws of the United States and the State of Iowa that the foregoing statements are true and correct to the best of my knowledge.

DAN POMRANKE

Dated this 3rd day of December, 2004.