IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BICKHAUS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Cause No.: 03-3263<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF CHS INC., f/k/a CENEX HARVEST STATES COOPERATIVES'
MEMORANDUM OF LAW IN SUPPORT OF FIRST MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF BICKHAUS' INTENT**

This Memorandum of Law is submitted by Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), by its undersigned counsel, and, pursuant to the Federal Rules of Evidence and applicable law, in support of its First Motion in Limine seeking to prohibit Defendant Christopher Bickhaus ("Bickhaus") from introducing any evidence, testimony, statements and/or argument in trial regarding certain irrelevant matters, including, but not limited to, Bickhaus' intent when he signed the Guaranty of Credit (the "Guaranty").

**ARGUMENT**

A.    **Motion in *Limine* Standard**

There are trial management benefits to a motion in *limine* that are equally applicable to a bench or jury trial. As the Supreme Court explained, "Although the Federal Rules of Evidence do not explicitly authorize in *limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984). In its decision in Luce, the Sixth Circuit Court of Appeals suggested

769267v1

that the primary purposes of an in *limine* ruling are to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues. United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38, 105 S. Ct. 460 (1984). As explained more fully and more recently by the Seventh Circuit Court of Appeals in Jonasson:

> The motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable [sic] for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury.

Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir. 1996) ("The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'") (quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, 652 F. Supp. 1400, 1401 (D. Md. 1987)). These observations concerning the virtues of trial management and clarification of the focus upon pertinent issues that can be gained from a motion in *limine* are just as applicable when the trial court, rather than a jury, is the finder of fact. Estate of Rick v. Stevens, 2002 U.S. Dist. LEXIS 12404, 9-10 (D. Iowa 2002).

    **B.**    **Irrelevant Evidence Should be Excluded**

Bickhaus urges the Court to consider his intent when he executed the Guaranty as evidence that the Guaranty is ambiguous. However, such evidence is irrelevant and inadmissible because a court will *not* look outside the language of a contract to determine whether it is ambiguous. Prairie Island Indian Cmty. v. Minnesota Dept. of Pub. Safety, 658 N.W.2d 876,

889 (Minn. Ct. App. 2003).[1]  "If the contractual provision is not ambiguous, its language must be given its plain and ordinary meaning, and shall be enforced by courts even if the result is harsh." Dyrdal v. Golden Nuggets, Inc., 672 N.W.2d 578, 586 (Minn. Ct. App. 2003).  The court will not consider extrinsic evidence to ascertain the intentions of the parties absent an ambiguity.  Prairie Island, 658 N.W.2d at 889.

Thus, the Court cannot consider extrinsic evidence of Bickhaus' intent if, as in this case, the language of the contract does not contain an ambiguity.  In the present case, the Guaranty clearly states that the undersigned, Chris E. Bickhaus, is assuming all of the liabilities of the Customer, Fastop.  "Chris E. Bickhaus" is clearly typed above the signature line, indicating that Bickhaus, the individual, not Fastop, the corporation, is signing the Guaranty.  Furthermore, the Guaranty clearly contemplates two separate and distinct parties, in that Paragraph 5 of the Guaranty specifically provides "[a]ll liabilities of the Customer, *and* of the *undersigned*, shall mature immediately upon insolvency of the Customer, the commission of an act of bankruptcy by the Customer …" (emphasis added).  Because there is no ambiguity in the Guaranty, Bickhaus' intent when he signed the Guaranty is irrelevant and inadmissible.

## CONCLUSION

For all of the foregoing reasons, CHS respectfully requests that this Honorable Court enter an order granting CHS's First Motion in Limine and exclude from the trial all evidence, testimony, statements, or argument concerning Bickhaus' intent when he executed the Guaranty, and for further relief as this Court deems just and proper.

---

[1] As more fully outlined in CHS' Motion for Pre-Trial Ruling on Choice-of-Law Provision, filed contemporaneously herewith, Minnesota law applies to the issues in this case pursuant to the choice-of-law provision contained in the Guaranty.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By     /s/ Dawn M. Johnson
    Dawn M. Johnson  (Ill. Bar #06126582)
    Lead Counsel
    10 South Broadway, Suite 2000
    St. Louis, Missouri  63102
    (314) 241-9090
    (314) 241-4245 (fax)
    email: dmj@greensfelder.com

Attorneys for Plaintiff CHS Inc., formerly known as
Cenex Harvest States Cooperatives


**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2005, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**David G. Penn, Esq.**
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant
525 Jersey Street
P.O. Box 1069
Quincy, Illinois  62306-1069

          /s/ Dawn M. Johnson