IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BICKHAUS,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Cause No.: 03-3263<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF CHS INC., f/k/a CENEX HARVEST STATES
COOPERATIVES' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PRE-TRIAL RULING ON CHOICE-OF-LAW PROVISION**

　　　This Memorandum of Law is submitted by Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), by its undersigned counsel, and in support of its Motion for Pre-Trial Ruling on the choice-of-law provision contained within the Guaranty of Credit (the "Guaranty") that is the subject of this lawsuit. In support hereof, CHS states as follows:

**ARGUMENT**

　　　Before reaching the merits of this case, the Court must decide which state's law applies. Here, the Guaranty at issue contains a choice-of-law provision, stating that "This Agreement, and all rights, obligations, and duties hereunder, and all disputes which may arise hereunder, shall be construed in accordance with, and governed by, laws of the State of Minnesota, without giving effect to the conflict of laws provisions thereof."

　　　"Illinois respects a contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois's fundamental public policy." Thomas v. Guardsmark, Inc., 381 F.3d 701, 705 (7th Cir. 2004). Defendant Christopher Bickhaus has argued that the

769267v1

Guaranty is invalid because it is ambiguous. However, even if the Guaranty contains an ambiguity, which CHS maintains it does not, the Guaranty is nonetheless valid – as is the case with most contracts which contain an ambiguity. Because the Guaranty is valid, its choice-of-law provisions apply, and Minnesota law controls the current dispute, as stated in the Guaranty.

Furthermore, giving effect to the choice-of-law provision will not violate any fundamental public policy in Illinois. Illinois courts invalidate choice-of-law provisions on the basis of public policy only sparingly. Scentura Creations, Inc. v. Long, 325 Ill.App.3d. 62, 69, 756 N.E.2d 451, 457 (Ill. Ct. App. 2d Dist. 2001) (quoting McAllister v. Smith, 17 Ill. 328, 334 (Ill. 1856) (holding "the law of the chosen forum should be given effect 'where it is not dangerous, inconvenient, immoral, nor [sic] contrary to the public policy of the local government'")). Applying Minnesota law, which Christopher Bickhaus, either in his individual capacity or as a representative of Fastop, agreed would apply by signing the Guaranty, will not be dangerous, inconvenient, immoral, or contrary to the public policy of the State of Illinois. Therefore, the choice-of-law provision contained within the Guaranty should be given effect.

## CONCLUSION

For all of the foregoing reasons, CHS respectfully requests that this Honorable Court enter an order holding that Minnesota law applies to the issues in this lawsuit, and for further relief as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By   /s/ Dawn M. Johnson
    Dawn M. Johnson  (Ill. Bar #06126582)
    Lead Counsel
    10 South Broadway, Suite 2000
    St. Louis, Missouri  63102
    (314) 241-9090
    (314) 241-4245 (fax)
    email: dmj@greensfelder.com

    Attorneys for Plaintiff CHS Inc., formerly known as
    Cenex Harvest States Cooperatives


**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2005, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**David G. Penn, Esq.**
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant
525 Jersey Street
P.O. Box 1069
Quincy, Illinois  62306-1069

        /s/ Dawn M. Johnson