E-FILED
Tuesday, 18 January, 2005  06:36:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES, | ) ) ) ) |
| Plaintiff, | ) Cause No.: 03-3263 |
| vs. | ) ) ) |
| CHRISTOPHER BICKHAUS, | ) ) |
| Defendant. | ) |

**PLAINTIFF CHS INC., f/k/a CENEX HARVEST STATES COOPERATIVES'
AMENDED MEMORANDUM OF LAW IN SUPPORT OF THIRD MOTION IN
LIMINE TO EXCLUDE EVIDENCE NOT DISCLOSED THROUGH
<u>THE COURSE OF PRE-TRIAL DISCOVERY</u>**

This Memorandum of Law is submitted by Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), by its undersigned counsel, and, pursuant to the Federal Rules of Evidence and applicable law, in support of its Third Motion in Limine seeking to prohibit Defendant Christopher Bickhaus ("Bickhaus") from introducing any evidence, testimony, statements and/or argument in trial regarding matters not properly disclosed through the course of pre-trial discovery.

**<u>ARGUMENT</u>**

    A.    **<u>Motion in *Limine* Standard</u>**

There are trial management benefits to a motion in *limine* that are equally applicable to a bench or jury trial.  As the Supreme Court explained, "Although the Federal Rules of Evidence do not explicitly authorize in *limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984).  In its decision in <u>Luce</u>, the Sixth Circuit Court of Appeals suggested

that the primary purposes of an in *limine* ruling are to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues. United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38, 105 S. Ct. 460 (1984). As explained more fully and more recently by the Seventh Circuit Court of Appeals in Jonasson:

> The motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable [sic] for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury.

Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir. 1996) ("The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'") (quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, 652 F. Supp. 1400, 1401 (D. Md. 1987)). These observations concerning the virtues of trial management and clarification of the focus upon pertinent issues that can be gained from a motion in *limine* are just as applicable when the trial court, rather than a jury, is the finder of fact. Estate of Rick v. Stevens, 2002 U.S. Dist. LEXIS 12404, 9-10 (D. Iowa 2002).

### B. Evidence Not Disclosed in Pre-Trial Discovery Should be Excluded

Through the pleadings which have been filed in this case, CHS has become aware of evidence that Bickhaus may seek to introduce at trial. However, such evidence was not properly disclosed by Bickhaus through pre-trial discovery, and, therefore, it should be excluded from trial. For example, in Bickhaus' Response to Plaintiff's Motion for Summary Judgment, Bickhaus alleged the following:

> Bickhaus signed the guaranty at issue in this case as the President of Fastop ('the 2002 guaranty") in the presence of Stuart Wilson, a representative of CHS. Prior to signing the 2002 guaranty, Bickhaus told Wilson he was not signing the 2002 guaranty personally. Wilson expressed concern that Fastop would not receive fuel from CHS if I did not sign the 2002 guaranty in my personal, individual capacity. Bickhaus reiterated that he would only sign in his capacity as an officer, specifically President, of Fastop, Inc., as indicated by the language "as President of Fastop, Inc." after his signature.

See Response, p. 7. Bickhaus also stated the following in an affidavit:

> Prior to Fastop's bankruptcy in 2002, I signed the guaranty at issue in this case as the President of Fastop ("the 2002 guaranty") in the presence of Stuart Wilson, a representative of CHS. Prior to signing the 2002 guaranty, I told Wilson I was not signing the 2002 guaranty personally. Wilson expressed concern that Fastop would not receive fuel from CHS if I did not sign the 2002 guaranty in my personal, individual capacity. I reiterated that I would only sign in my capacity as an officer, specifically President, of Fastop, Inc., as indicated by the language "as President of Fastop, Inc." after my signature …

See Affidavit of Christopher Bickhaus, ¶ 7, attached to Bickhaus' Response to Plaintiff's Motion for Summary Judgment.

On or about June 14, 2004, CHS submitted its First Set of Interrogatories to Defendant Bickhaus, and specifically asked him to "[s]tate whether you are aware of any communication made by CHS (including its employees, agents, or servants) regarding the factual allegations contained in the First Amended Complaint…" See Plaintiff's First Set of Interrogatories Directed to Bickhaus, attached hereto as Exhibit A, and incorporated by reference, ¶ 5. CHS also asked Bickhaus to "[s]tate each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 18-23, 28 and 30 of the First Amended Complaint, regarding the Guaranty of Credit." Id. at ¶ 12. Bickhaus never mentioned his alleged conversation with Stuart Wilson in his answers to these specific Interrogatories or to CHS' Interrogatories as a whole. See Defendant's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit B, and incorporated by reference. Moreover, Bickhaus never amended

or supplemented his Answers to Plaintiff's First Set of Interrogatories to disclose this alleged conversation.

It is clear from Mr. Wilson's Declaration, attached to CHS' Reply Memorandum in Support of Motion for Summary Judgment, and the expense report attached thereto as Exhibit A, that there is no possible way Bickhaus had this face-to-face conversation with Mr. Wilson on October 29, 2002, or any time during the week of October 28, 2002, when he signed the Guaranty, because Mr. Wilson was not in Quincy, Illinois, where Fastop is located, during that period. However, because Bickhaus only disclosed this alleged conversation in response to CHS' Motion for Summary Judgment *after* the close of discovery, CHS was not afforded an opportunity to depose Bickhaus regarding this alleged conversation and challenge his memory of the same. Therefore, evidence of such alleged conversation should be excluded from trial pursuant to Federal Rule of Civil Procedure 37(c)(1), which provides in pertinent part:

> A party that without substantial justification fails to … amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness or information not so disclosed.

Fed. R. Civ. Proc. 37(c)(1).

Furthermore, as stated in CHS' First Motion in Limine, Bickhaus' alleged intent when he executed the Guaranty is irrelevant and inadmissible because this Court cannot consider extrinsic evidence of the parties' intent where there is an unambiguous agreement. See Prairie Island Indian Cmty. v. Minnesota Dept. of Pub. Safety, 658 N.W.2d 876, 889 (Minn. Ct. App. 2003).[1]

---

[1] As more fully outlined in CHS' Motion for Pre-Trial Ruling on Choice-of-Law Provision, filed contemporaneously herewith, Minnesota law applies to the issues in this case pursuant to the choice-of-law provision contained in the Guaranty.

Therefore, because evidence of Bickhaus' intent and the alleged conversation between Mr. Wilson and Bickhaus is extrinsic evidence, it must be excluded.

## CONCLUSION

For all of the foregoing reasons, CHS respectfully requests that this Honorable Court enter an order granting CHS' Third Motion in Limine and exclude from the trial all evidence, testimony, statements, or argument regarding the above matters not properly disclosed through the course of pre-trial discovery, and for further relief as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By ___/s/ Dawn M. Johnson_____

Dawn M. Johnson  (Ill. Bar #06126582)
Lead Counsel
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
(314) 241-9090
(314) 241-4245 (fax)
email: dmj@greensfelder.com

Attorneys for Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2005, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**David G. Penn, Esq.**
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant
525 Jersey Street
P.O. Box 1069
Quincy, Illinois  62306-1069

_____/s/ Dawn M. Johnson_____