E-FILED
Tuesday, 18 January, 2005  06:36:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHS INC., formerly known as CENEX HARVEST STATES COOPERATIVES,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BICKHAUS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No.: 03-3263<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO
DEFENDANT CHRISTOPHER BICKHAUS**

COMES NOW Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives ("CHS"), by its undersigned attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds the following First Set of Interrogatories Directed to Defendant Christopher Bickhaus to be answered within thirty (30) days.

### DEFINITIONS

Except as the context may otherwise require, the following definitions shall apply to these Interrogatories:

1. **"CHS"** refers to and includes, CHS Inc., Cenex Harvest States Cooperatives, and Country Energy, LLC, as well as their agents, servants, employees, and attorneys, and persons acting for or on any of their behalf.

2. **"You", "Your", or "anyone acting for or on your behalf"**, refers to and includes, without limitation, Defendant Christopher Bickhaus and each of his agents, representatives, employers, employees, attorneys, accountants, auditors, advertising agencies, public relations and marketing firms or consultants, other professional persons, experts,


Exhibit A

investigators or anyone else acting or purporting to act under the direction or control of Defendant Christopher Bickhaus and/or his attorneys, or acting or purporting to act for or on Defendant Christopher Bickhaus' behalf, whether or not compensated.

3. **"Fastop"** includes Fastop, Inc., Fastop Convenience Stores, Inc., Fastop Convenience Stores, Inc. of Quincy, ILL, Fastop, and Fastop Convenience Store.

4. **"Person(s)"** includes, but is not limited to, a natural person, firm, association, organization, partnership, business, joint venture, trust, corporation, public entity and every form and kind of entity. Reference herein to **"person"** includes the agents, employees, attorneys, accountants, investigators, and representatives of any such **"person"** and anyone acting or purporting to act for or on behalf of such **"person"**.

5. **"Document" or "documents"** is intended to be comprehensive and includes, without limitation, any written, handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic matter of any kind or nature, including all forms of data compilations from which information can be obtained and, if necessary, translated through detection devices into reasonably usable form, whether original or copy, and all drafts thereto, and shall include, without limiting the generality of the foregoing, all sound recordings, sound and video recordings, video or film recordings, sound and film recordings, photographs, pictures, letters, reports, notes, notebooks, telegrams, telexes, facsimiles, transmission cover sheets, electronic mail, correspondence, tape recordings, contracts, notices, agreements, calendars, diaries, logs, forms, policy manuals or binders, memoranda, memorializations of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes and resolutions, studies, reports, analyses, interoffice communications, books, business records, receipts, canceled checks, check stubs, financial statements, ledgers, money orders, invoices, bills, personal records, transcripts, affidavits, declarations under penalty of perjury,

unsworn statements, diagrams, schematics, blueprints, renderings, sketches, graphs, charts, surveys and forecasts in the possession and/or control of Defendant or any of her past or present employees, investigators, accountants, attorneys, agents, representatives, successors or assigns, or known by Defendant or any of his past or present employees, investigators, accountants, attorneys, agents, representatives, successors or assigns, to exist. **"Document"** shall include all copies which are different from the original, whether different by mark, symbol, comment, notation, interlineation, receipt stamp, indication of copies sent or received, or otherwise, on the front or back of any such document.

6. **"Identify"** or **"identity"**, when used with respect to a document, means:

   a. To specify the nature of the document (for example, a letter or memorandum);

   b. To state the date, if any, appearing on the document or, if none, the date on which the document was prepared or received;

   c. To describe the substance of each document for which no privilege is claimed, or to specify the nature and extent of any claimed privilege;

   d. If the document is not in the possession of the Defendant, to identify the person who has actual or constructive possession or control of the document; and

   e. If the document is in the possession of Defendant, to supply any additional information which the Defendant would require in order to respond to a request for production of that document.

7. **"Identify"** or **"identity"**, when used with respect to a person, means:

   a. To state the name, present home address, and home telephone number of the person;

712251 v1                                   3

   b. To state the name, address, and telephone number of the present employer of the person, if any; and

   c. To state the relationship, if any, to Defendant.

 8. **"Identify"** or **"identity"**, when used with respect to an oral communication, means:

   a. To state the date of the communication;

   b. To identify each person participating in the communication or a witness to the communication;

   c. To state how the communication occurred (for example, person-to-person, by telephone, etc.);

   d. To state what was said by each participant in the course of each communication or, if not exactly known or recalled, the substance of each communication; and

   e. To identify any document which sets forth, refers to, or described any portion of the communication.

 9. **"Communication"** is intended to be comprehensive and includes, but is not limited to, any face-to-face conversation, meeting, conference, telephone conversation, telephone conference, or communication by the use of any medium, as well as any written, taped, computerized, or recorded conversation or communication of any kind whatsoever, including facsimile and telex transmissions and electronic mail.

 10. **"First Amended Complaint"** means and refers to Plaintiff's First Amended Complaint, Case No. 03-3263, filed herein by Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives, against Defendant Christopher Bickhaus.

11. The terms **"relating to"** and **"concerning"** include evidencing, bearing on, referring, relating, consisting of, reflecting or being in any way legally, logically or factually connected with the matter discussed.

12. The singular of any word is intended to include the plural and vice-versa, and the conjunctive "and" to refer to and include the disjunctive "or" and vice-versa, unless the context clearly indicates otherwise.

## INSTRUCTIONS

1. In answering each interrogatory, identify the source of your information, including the name and address and the business or employer of each person furnishing same, or, if obtained from documents or files, the name and address of the custodian thereof and his business or employer, the location of said documents and a description sufficient to identify same.

2. If the information requested is not reasonably available to you, state what efforts you made to obtain the information, and from what source such information might be obtained, if known to you.

3. If the information requested is not available in the form requested but can be supplied in a modified form, state whatever information is available in whatever form.

4. In construing these interrogatories the conjunctive "and" shall also mean the disjunctive "or" and vice versa unless the interrogatory expressly indicates to the contrary.

5. In construing these interrogatories the singular shall also mean the plural and vice versa unless the interrogatory expressly indicates to the contrary.

6. If you should object to any interrogatory on the basis of an assertion of privilege, state what privilege is being asserted, the basis for the assertion of the privilege, identify the

general subject matter of information asserted as privileged and identify any person in possession of, or document containing, the privileged information.

7.  If you contend that any information sought by any of these interrogatories constitutes proprietary or confidential business information, or other confidential information, CHS is prepared to receive all such data and information pursuant to a protective order agreed to by the parties.

8.  If you come into possession of any information that is responsive to any of the following interrogatories, you are requested to supplement your answers accordingly.

**INTERROGATORY NO. 1:**

Please identify each person who answered these Interrogatories, who aided in answering these Interrogatories, or who was consulted or supplied information upon which the answers to these Interrogatories are based; his or her relationship to Defendant; and his or her position of employment.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state Defendant's full name; Defendant's social security number; Defendant's present address; any other addresses at which Defendant has lived during the past five (5) years; Defendant's present employer's name and address and position of employment; previous

employers' names and addresses for the past five (5) years and the dates of employment; and state any other names which Defendant has ever used.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify every person known by you who are witnesses or who have knowledge regarding the factual allegations contained in the First Amended Complaint, including, but not limited to, those persons with knowledge of Fastop's purchase of gasoline, diesel fuel, and other petroleum products from CHS. Also state the substance of each witness's knowledge with regard to the factual allegations contained in the First Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 4:**

State whether or not written or recorded statements have been obtained from any persons mentioned in the answer of Interrogatory No. 3 above with regard to the facts or circumstances surrounding the factual allegations contained in the First Amended Complaint. If so, state the names and addresses of persons whose statements were obtained; and the name and address of the person presently having control or custody of such statements.

**ANSWER:**

**INTERROGATORY NO. 5:**

State whether you are aware of any communication made by CHS (including its employees, agents, or servants) regarding the factual allegations contained in the First Amended Complaint, whether written, oral or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording or transcription thereof, and, if so, state the following:

    (a)    the substance of such communications made by CHS,

    (b)    the dates of all such communications,

    (c)    whether the communication was written, oral or recorded,

    (d)    if the communication was oral, identify the participants in the oral communication and all witnesses thereto, and

    (e)    if the communication was written or recorded, identify the document(s) or other media representing or relating to the communication.

**ANSWER:**

**INTERROGATORY NO. 6:**

State whether you know of any witnesses who are aware of any communication made by CHS (including its employees, agents, or servants) regarding the factual allegations contained in the First Amended Complaint, whether written, oral or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording or transcription thereof, and, if so, state the following:

(a) the names and addresses of all such witnesses,

(b) the substance of such communications made by CHS,

(c) the dates of all such communications,

(d) whether the communication was written, oral or recorded,

(e) if the communication was oral, identify the participants in the oral communication and all witnesses thereto, and

(f) if the communication was written or recorded, identify the document(s) or other media representing or relating to the communication.

**ANSWER:**




**INTERROGATORY NO. 7:**

Provide the name and address of each expert witness who will offer any testimony on your behalf, and state:

(a) The subject matter on which the expert witness is expected to testify;

712251 v1                                  9

 (b) The conclusions and/or opinions of the expert witness and the basis therefor, including reports of the witness and/or any exhibits to be used for summary in support of the opinion, if any;

 (c) The qualifications of each expert witness, including a *curriculum vitae* and/or resume and a list of publications offered by the witness in the last ten (10) years, if any; and

 (d) The identity of any written reports of the expert witness regarding the subject matter of this litigation.

**ANSWER:**

**INTERROGATORY NO. 8:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraph 7 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

**INTERROGATORY NO. 9:**

State each and every fact and circumstance you believe supports your denial to a portion of the allegations contained in Paragraph 10 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer, and (2) any documents supporting such fact or circumstance.

**ANSWER:**

**INTERROGATORY NO. 10:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 11, 12 and 29 of the First Amended Complaint, regarding the June 14, 2002 Note, as defined in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

**INTERROGATORY NO. 11:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 13-17, and 35-37 of the First Amended Complaint, regarding

712251 v1                                                  11

the First Year Incentive Money, as defined in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

**INTERROGATORY NO. 12:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 18-23, 28 and 30 of the First Amended Complaint, regarding the Guaranty of Credit as identified in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

**INTERROGATORY NO. 13:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraph 26 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By _____
Dawn M. Johnson  (Ill. Bar #06126582)
Lead Counsel
Michelle M. Drake  (Ill. Bar #06279553)
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
(314) 241-9090
(314) 241-4245 (fax)

Attorneys for Plaintiff CHS Inc., formerly known as Cenex Harvest States Cooperatives

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent by U.S. Mail, postage prepaid, this __14__ day of June, 2004, to **David G. Penn, Esq.**, Schmiedeskamp, Robertson, Neu & Mitchell, Attorneys for Defendant, 525 Jersey Street, P.O. Box 1069, Quincy, Illinois 62306-1069.

_____

712251 v1

13