**E-FILED**
Tuesday, 18 January, 2005  06:36:59 PM
Clerk, U.S. District Court, ILCD

## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CHS INC., formerly known as )
CENEX HARVEST STATES )
COOPERATIVES, )
            )
               Plaintiff, )
            )
     vs. )          Cause No.  03-3263
            )
CHRISTOPHER BICKHAUS, )
            )
               Defendant. )

### DEFENDANT CHRISTOPHER BICKHAUS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW  COMES  Defendant,  **CHRISTOPHER  BICKHAUS**,  by  his  attorneys,

SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL and for his Answers to Plaintiff's first

set of interrogatories, states as follows:

### GENERAL OBJECTIONS

1.       Defendant generally objects to the Interrogatories to the extent that they are overly

broad, impermissibly vague, and fail to describe the information sought with reasonable particularity.

2.       Defendant  generally  objects  to  the  Interrogatories  to  the  extent  that  they  seek

information that is irrelevant to, and not reasonably calculated to lead to the discovery of admissible

evidence in this case.

3.       Defendant generally objects to the Interrogatories to the extent that they seek the

disclosure of information that:

           (i)       is subject to the attorney-client privilege;

           (ii)      constitutes  trial  preparation  material  or  other  work-product  material  in



anticipation of litigation as defined by Rule 26(c) of the Federal Rules of Civil Procedure;

(iii)   constitutes confidential business information, trade secrets, or other competitively sensitive information concerning Fastop or those with whom Fastop does business, or contemplated business, on the grounds that privileged and confidential materials are exempt from discovery and may only be discovered upon fulfillment of the requirements set forth in the Federal Rules of Civil Procedure and/or the terms of a confidentiality order executed by the parties;

(iv)   is subject to any existing confidentiality agreement with any third-party, or any prior orders of court regarding the confidentiality of information; or

(v)   is subject to any other applicable privilege or protection under federal or state law.

4.   Defendant generally objects to the Interrogatories to the extent that they seek information that is already in the possession, custody or control of the Plaintiff, or is publicly available from other sources. Such information is equally available to the Plaintiff, and is unreasonably cumulative or duplicative, overly broad and unduly burdensome.

5.   Defendant generally objects to the Interrogatories to the extent that they fail to prescribe a temporal scope for the information requested. Such Interrogatories are overly broad, unduly burdensome and improperly seek information that is irrelevant to, and not reasonably calculated to lead to the discovery of admissible evidence in this case.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person who answered these Interrogatories, who aided in answering these Interrogatories, or who was consulted or supplied information upon which the answers to these Interrogatories are based; his or her relationship to Defendant; and his or her position of employment:

### ANSWER:

Objection. The Defendant objects to this interrogatory as overly broad and vague as

to persons who "aided in answering these Interrogatories, or who was consulted or

supplied information." Further, this interrogatory seeks to invade the attorney - client

privilege and to discover attorney work product. Subject to and without waiving

these objections and   the General Objections set forth above, Christopher E.

Bickhaus, 513 North 2923rd Lane, Ursa, IL 62376.

### INTERROGATORY NO. 2:

Please state Defendant's full name; Defendant's social security number; Defendant's present address; any other addresses at which Defendant has lived during the past five (5) years; Defendant's present employer's name and address and position of employment; previous employers' names and addresses for the past five (5) years and the dates of employment; and state any other names which Defendant has ever used.

**ANSWER:**    Subject to and without waiving the General Objections set forth above:

Name:  Christopher E. Bickhaus;

Present Address:  513 North 2923rd Lane, Ursa, IL 62376;

Former Addresses: N/A;

Present Employer's Name and Address: Self-employed;

3

Previous Employer: President of Fastop, Inc.

**INTERROGATORY NO. 3:**

Identify every person known by you who are witnesses or who have knowledge regarding the factual allegations contained in the First Amended Complaint, including, but not limited to, those persons with knowledge of Fastop's purchase of gasoline, diesel fuel, and other petroleum products from CHS. Also state the substance of each witness's knowledge with regard to the factual allegations contained in the First Amended Complaint.

**ANSWER:**    Subject to and without waiving the General Objections set forth above:

**Christopher Bickhaus,** (information regarding allegations of complaint and answer; information regarding agreements entered into between Fastop and Cenex; information regarding communications between Fastop and Cenex as well as communications between Cenex and Christopher Bickhaus; information regarding Cenex's damages; information regarding services and products provided by Cenex to Fastop).

**Jeremy Dyer,** 2101 Prairie Avenue, Quincy, Illinois 62301, (information regarding allegations of complaint and answer; information regarding agreements entered into between Fastop and Cenex; information regarding communications between Fastop and Cenex as well as communications between Cenex and Christopher Bickhaus; information regarding Cenex's damages; information regarding services and products provided by Cenex to Fastop).

**Lindy Rehrig,** 823 North 12th Street, Quincy, Illinois 62301 (information regarding alleged damages of Cenex; information regarding products and services provided by Cenex to Fastop).

**Dan Oberstadt,** Credit Manager, Cenex Harvest States Cooperatives, P. O. Box

4

64089, St. Paul, MN 55164-0089 (upon information and belief, information regarding agreements entered into between Cenex and Fastop; upon information and belief, information regarding damages claimed by Cenex; upon information and belief, information regarding allegations of Cenex in its complaint).

**Dan Pomrank,** Regional Sales Manager, Cenex Harvest States Cooperatives, P. O. Box 64089, St. Paul, MN 55164-0089 (upon information and belief, information regarding agreements entered into between Cenex and Fastop; upon information and belief, information regarding damages claimed by Cenex; upon information and belief, information regarding allegations of Cenex in its complaint).

**Scott Beiswenger,** Senior Legal Counsel, Cenex Harvest States Cooperatives, P. O. Box 64089, St. Paul, Minnesota 55164-0089 (information regarding allegations of complaint and answer; information regarding agreements entered into between Fastop and Cenex; information regarding communications between Fastop and Cenex as well as communications between Cenex and Christopher Bickhaus; information regarding Cenex's damages; information regarding services and products provided by Cenex to Fastop).

Any and all individuals identified by Cenex Harvest States Cooperatives.

Further, we reserve the right to continue to supplement this Disclosure in the event the identities of additional individuals who may have knowledge regarding the present matter become known to us during the course of discovery.

5

**INTERROGATORY NO. 4:**

State whether or not written or recorded statements have been obtained from any persons mentioned in the answer of Interrogatory No. 3 above with regard to the facts or circumstances surrounding the factual allegations contained in the First Amended Complaint. If so, state the names and addresses of persons whose statements were obtained; and the name and address of the person presently having control or custody of such statements.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, the Defendant

answers as follows: None.

**INTERROGATORY NO. 5:**

State whether you are aware of any communication made by CHS (including its employees, agents, or servants) regarding th factual allegations contained in the First Amended Complaint, whether written, oral or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording or transcription thereof, and, if so, state the following:

    (a)    the substance of such communications made by CHS,

    (b)    the dates of all such communications,

    (c)    whether the communication was written, oral or recorded,

    (d)    if the communication was oral, identify the participants in the oral communication and all witnesses thereof, and

    (e)    if the communication was written or recorded, identify the documents(s) or other media representing or relating to the communication.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, generally

Bickhaus had more than one conversation with Scott Beiswenger, a Cenex

representative, regarding the alleged personal guaranty. The conversations occurred

in 2002 and 2003. Michael A. Bickhaus, of Schmiedeskamp, Robertson, Neu &

6

Mitchell, attorney for Fastop, Inc. was involved in one of the convers

Defendant and the representative of Cenex discussed the effect of t

Credit" and whether or not the Defendant intended and signed the

his individual capacity or in his capacity as President of Fastop, Inc.

made it clear that the "Guaranty on Credit" was signed in a represe

as President of Fastop and not in the Defendant's individual capacity

communication in writing. The documents related to those written c

are produced as part of the Defendant's response to production requ

**INTERROGATORY NO. 6:**

State whether you know of any witnesses who are aware of any communi
CHS (including its employees, agents, or servants) regarding the factual allegations
First Amended Complaint, whether written, oral or recorded in any way, including,
to, a stenographic, mechanical, electrical, audio, video, motion picture, photo
recording or transcription thereof, and if so, state the following:

  (a)    the names and addresses of all such witnesses,

  (b)    the substance of such communications made by CHS,

  (c)    the dates of all such communications,

  (d)    whether the communication was written, oral or recorded,

  (e)    if the communication was oral, identify the participar
          communication and all witnesses thereto, and

  (f)    if the communication was written or recorded, identify the
          other media representing or relating to the communication.

**ANSWER:**

Subject to and without waiving the General Objections set forth ab
to Interrogatory No. 5.

7

**INTERROGATORY NO. 7:**

Provide the name and address of each expert witness who will offer any testimony on your behalf, and state:

        (a)    The subject matter on which the expert witness is expected to testify;

        (b)    The conclusions and/or opinions of the expert witness and the basis therefor, including reports of the witness and/or any exhibits to be used for summary in support of the opinion, if any;

        (c)    The qualifications of each expert witness, including a *curriculum vitae* and/or resume and a list of publications offered by the witness in the last ten (10) years, if any; and

        (d)    The identity of any written reports of the expert witness regarding the subject matter of this litigation.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, none.

**INTERROGATORY NO. 8:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraph 7 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, the Defendant

states that the allegations contained in Paragraph 7 of the First Amended Complaint

were denied because the documents which CHS claims represent the "Relationship

Agreements" are not attached and not otherwise defined in the complaint. Thus, the

Defendant did not have sufficient knowledge to admit the allegations and denied the

same. Further, the allegations contain a legal conclusion alleging that the acts of

8

Fastop represented a "breach" of the Relationship Agreements. Defendant has denied

that allegation, as it is a legal conclusion, the Defendant contends that there is no

breach by the Defendant and the Defendant contends that it should be proven at trial

by the Plaintiff. The allegations were also denied because Christopher Bickhaus is

not obligated under the "Guaranty on Credit" to repay these sums, and thus he is not

obligated to repay any amounts sought in the complaint.

## INTERROGATORY NO. 9:

State each and every fact and circumstance you believe supports your denial to a portion of the allegations contained in Paragraph 10 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer, and (2) any documents supporting such fact or circumstance.

## ANSWER:

Subject to and without waiving the General Objections set forth above, see answer

to Interrogatory No. 8. Further answering, Defendant states that he denied portions

of Paragraph 10 related to the Plaintiff's interpretation of what the incentive was

related to and whether or not the $275,000.00 amount represented the amount that

Cenex would owe to Fastop at the end of the first year of the relationship

contemplated by the undefined "Relationship Agreements" in the first year. The

allegations were denied to the extent that it is unclear what Cenex contends are the

Relationship Agreements and as to what the full purpose, intent and calculation

methodology for the $275,000.00 incentive. The allegations were also denied

because Christopher Bickhaus is not obligated under the "Guaranty on Credit" to

repay these sums, and thus he is not obligated to repay any amounts sought in the

9

complaint.

### INTERROGATORY NO. 10:

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 11, 12 and 29 of the First Amended Complaint, regarding the June 14, 2002 Note, as defined in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

### ANSWER:

Subject to and without waiving the General Objections set forth above, the Defendant denied the allegations in these paragraphs based upon the conclusory nature of the allegations. The premise of the allegations in paragraphs 11, 12 and 29 is that "all just credits were given pursuant to the terms of the June 14, 2002 note." Not having seen the credits that were applied by Cenex, the Defendant had no basis to admit the allegations and denied the allegations since they must be proven by the Plaintiff at trial. There was not sufficient information on behalf of Defendant to admit these allegations. Further, there is no showing that these amounts were still due and owing, and thus the allegations were denied. Finally, the allegations were denied because Christopher Bickhaus is not obligated under the "Guaranty on Credit" to repay these sums, and thus he is not obligated to repay any amounts sought in the complaint. Finally, Fastop entered into bankruptcy on September 2, 2003 and thus was under bankruptcy protection and had no authority to pay any outstanding amounts due or payable. See In Re: Bankruptcy of Fastop, Inc., Case No.03-74100.

### INTERROGATORY NO. 11:

State each and every fact and circumstance you believe supports your denial to the allegations

10

contained in Paragraphs 13-17, and 35-37 of the First Amended Complaint, regarding the First Year Incentive Money, as defined in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, the Defendant answers as follows: The Defendant denies the allegations of Paragraphs 13-17 as they contain legal conclusions about what the legal obligations of Fastop was as related to the First Year Incentive Money, and that Fastop was allegedly unjustly enriched. Further, the Defendant denied the allegations as factually it disagrees with the contention that the incentive money was provided based upon an agreed amount of refined fuel products that Fastop was going to purchase from the Plaintiff in the first year, and that there was any obligation to purchase that amount of product.

Regarding Paragraphs 35-37, each was denied, because they contain legal conclusions that there was an "obligation of Fastop to reimburse CHS" and a legal conclusion as to the amount that was allegedly owed and the conclusion that Bickhaus was the guarantor of the payment for the reimbursement of the First Year Incentive Money. The allegations were denied because Christopher Bickhaus is not obligated under the "Guaranty on Credit" to repay these sums, and thus he is not obligated to repay any amounts sought in the complaint. Thus the allegations in those paragraphs were denied.

**INTERROGATORY NO. 12:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraphs 18-23, 28 and 30 of the First Amended Complaint, regarding the Guaranty

11

of Credit as identified in the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, Defendant denied the allegations cited in Interrogatory No. 12 because it is Defendant's contention that he did not personally guarantee or obligate himself personally to guarantee any debt of Fastop. He signed the "Guaranty on Credit" as President of Fastop, and in his capacity as officer of Fastop, not individually. Therefore, he was under no obligation to repay these amounts. Further, the Defendant contests whether or not Fastop had an obligation to pay the amount set forth in the various allegations of the Plaintiff's complaint and strict proof thereof, and demands proof of the amounts owed based on discovery in the case and at trial in this cause.

**INTERROGATORY NO. 13:**

State each and every fact and circumstance you believe supports your denial to the allegations contained in Paragraph 26 of the First Amended Complaint. Your answer should also identify (1) the person(s) who have knowledge of the facts and circumstances detailed in your answer and (2) any documents supporting such fact or circumstance.

**ANSWER:**

Subject to and without waiving the General Objections set forth above, Defendant answers that the allegation was denied due to Fastop being in bankruptcy in proceeding entitled In Re: Bankruptcy of Fastop, Inc., Case No. 03-74100, and any decision to pay or not to pay the amount of the note is not subject to the discretion of the Defendant. Further, the allegation contains a legal conclusion as to what

12

constitutes "default," and whether or not Fastop is in "default" and thus the allegation is denied. The allegations were also denied because the Defendant is not obligated under the "Guaranty on Credit" to repay these sums, and thus he is not obligated to repay any amounts sought in the complaint.

Respectfully submitted,

**CHRISTOPHER BICKHAUS, Defendant**

By: _____

David G. Penn
of Schmiedeskamp, Robertson, Neu & Mitchell
One of his attorneys

SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL
525 Jersey Street
P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005

## **VERIFICATION**

Under penalties as provided by law and pursuant to Section 1-109 of the Illinois Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth above are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, the undersigned certifies that he believes the same to be true and correct.

_____
Christopher Bickhaus

13